**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Hill; et al., | No. CV11-1324-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale and David Richert, Scottsdale City Manager, | |
| Defendants. | |

Currently pending before the Court is Defendants' Motion for Summary Judgment (Doc. 24). The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiffs are all retired employees of the City of Scottsdale, Arizona (the "City") who began their employment with the City prior to July 1, 1982. Pursuant to City policy, employees hired before July 1, 1982 were entitled to receive cash for their accrued medical leave upon retirement if they had more than three hundred accumulated medical leave hours.

In the alternative, qualified employees could elect to participate in the City's Medical Leave Conversion Account ("MLCA"). Under the MLCA, the cash equivalent of the employee's medical leave would be apportioned into two separate accounts: a taxable medical leave conversion account (the "Conversion Account") and a non-taxable retirement health savings account ("RHS"). Pursuant to the formula in section 14-83 of the Scottsdale Revised Code, the value of the accrued medical leave in the MLCA was

greater than the cash equivalent for the same number of medical leave hours.

Each Plaintiff elected the MLCA option by signing a Medical Leave Conversion Authorization form. The City accordingly apportioned each Plaintiff's accumulated sick leave funds into a Conversion Account and an RHS account. Plaintiffs allege that in calculating the apportionment, the City incorrectly applied a "gross-up" procedure that had the effect of increasing the apportionment of funds to the Plaintiffs' taxable Conversion Accounts, while reducing the amount apportioned to the non-taxable RHS accounts. Plaintiffs contend that the City's improper apportionment of Plaintiffs' funds and the refusal to correct the account balances have caused the Plaintiffs monetary damages in amounts that vary from approximately $9,400 to $21,505.

Around the time each Plaintiff retired, he received a document entitled "Payout/Medical Leave Conversion" (the "MLCA document") from the City that detailed the amount to be apportioned to the Plaintiff's MLCA. The MLCA document specified the amount to be apportioned as taxable and the amount to be apportioned as non-taxable. The document also identified a "cash equivalent amount" and a "taxable medical leave conversion amount." The taxable medical leave conversion amount was higher than the cash equivalent amount for each retiree. The amount deducted for taxes was detailed in a section of the MLCA document entitled "Deductions on Gross Up of the Cash Equivalent Value."

Defendants argue that the MLCA documents contained all the information forming the bases of the Plaintiffs' claims and therefore each Plaintiff's claim accrued when he received his MLCA document. Plaintiffs contend that they did not realize they had been harmed by the allegedly incorrect apportionment until each of them individually met with the Defendant City Manager, which is when their claims accrued.

Plaintiffs filed a Notice of Claim pursuant to A.R.S. §12-821.01 with the Scottsdale City Clerk on February 25, 2011. They filed their Complaint on July 5, 2011. The Complaint contains three causes of action: Count One alleges that Defendants deprived Plaintiffs of their property rights without due process in violation of 42 U.S.C

§1983; Count Two alleges breach of contract by the City; and Count Three alleges failure to pay wages in violation of Arizona's statutory wage laws.  All of Plaintiffs' claims are based on the assertion that Defendants incorrectly apportioned Plaintiffs' medical leave amounts, which resulted in a higher portion of their amounts being taxable.

Defendants filed the pending Motion for Summary Judgment on February 6, 2012. Defendants argue that all the claims are barred by the applicable statute of limitation and, additionally, that the state law claims are barred because Plaintiffs' Notice of Claim was untimely.  Defendants further argue that Plaintiffs' §1983 claim fails as a matter of law because their state law action for payment of medical leave benefits cannot be converted into a federal constitutional takings claim.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A)&(B).  Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323.  The burden then shifts to the non-movant to establish the existence of material fact. *Id.*  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by

"com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting FED.R.CIV.P. 56(e) (1963) (amended 2010)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment.  *Id.* at 247–48.  However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party.  *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### III.   §1983 CLAIM

42 U.S.C. §1983 creates a federal cause of action for state actors' deprivation of rights guaranteed by the United States Constitution or laws.  *San Bernardino Physicians' Serv. Med. Group, Inc. v. County of San Bernardino*, 825 F.2d 1404, 1407 (9th Cir. 1987).  The Fourteenth Amendment of the United States Constitution protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  A §1983 claim based on denial of procedural due process has three elements: 1) a constitutionally protected liberty or property interest; 2) deprivation of that interest by the government; and 3) lack of process.  *Id*.

#### A.   Constitutionally Protected Property Interest

The Court consults state law to determine whether a property interest exists. *Id*. at 905.  "Property interests 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *San Bernardino*, 825 F.2d at 1408 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  But federal constitutional law ultimately controls whether the property interest rises to the level of a "legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 757 (2005)(internal quotations omitted).

Governmental deprivation of a statutory or contractual benefit does not automatically give rise to a property interest protected by the Due Process Clause. *Portman*, 995 F.2d at 905. "It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim . . . [T]he Fourteenth Amendment was not intended to shift the whole of the public law of the states into the federal courts." *San Bernardino*, 825 F.2d at 1408.

Plaintiffs claim they have a constitutionally protected property interest in their accrued medical leave and the proper apportionment thereof. In *Portman*, the Ninth Circuit Court of Appeals noted that it had "never considered the precise question of whether accrued sick leave or medical insurance benefits are the type of property protected by the Fourteenth Amendment." 995 F.2d at 906. And the Court has not found a Ninth Circuit decision since *Portman* addressing that precise issue.[1]

The *Portman* court noted that although the Ninth Circuit had never addressed whether accrued sick leave or medical insurance benefits constitute property protected by the Fourteenth Amendment, other circuits had considered analogous questions and found a §1983 claim inappropriate. *Id*. (citing *Ramsey v. Bd. of Educ.*, 844 F.2d 1268, 1272 (6th Cir. 1988)(holding that "an interference with a property interest in a pure benefit of employment [accumulated sick leave], as opposed to an interest in the tenured nature of employment itself, is an interest that can be and should be redressed by a state breach of contact action and not a federal action under section 1983."); *Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987)(claimed entitlement to an increase in pension benefits under a collective bargaining agreement amounts to a contract dispute that is not redressable under federal law)). On the other hand, the *Portman* court cited Ninth Circuit precedent holding that the deprivation of pension or disability benefits amounts to the

---

[1] The Court notes that the plaintiffs in *Harris v. County of Orange*, - - F.3d - -, 2012 WL 2060666 (9th Cir. June 8, 2012) argued that the defendant county's restructuring of its retiree medical program constituted denial of due process, but the Ninth Circuit did not reach the merits of the due process violation claim in deciding the appeal.

- 5 -

deprivation of constitutionally protected property. *Portman*, 995 F.2d at 906. The Ninth Circuit posited, however, that the results in the pension and disability benefits cases perhaps could "be explained in part by the special nature of pension and disability benefits. Indeed, the Second Circuit drew a distinction between the entitlement to all disability benefits and the entitlement to an *increase* in disability benefits." *Id*. (emphasis in original).

The *Portman* court found that whether entitlement to accrued sick leave and health insurance benefits is a constitutionally protected property interest was an open question under Ninth Circuit law. *Id*. The court ultimately declined to resolve the issue because the trial court first needed to decide whether the plaintiff was in good standing at the time of his termination and therefore eligible for the benefits at issue.

Plaintiffs here argue that they have more than a unilateral expectation of receiving their accrued medical leave. *Castle Rock*, 545 U.S. at 756 ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."). They argue that Arizona law long has recognized that a public employee's right to accumulated medical leave is more than an abstract expectancy. Plaintiffs contend that Arizona law gives them a legitimate claim of entitlement to their accrued medical leave and therefore that they have property interests in their accumulated medical leave.

Plaintiffs may be correct that Arizona law creates a property interest in their accumulated medical leave. But not every property interest warrants constitutional protection. *Portman*, 995 F.2d at 905. And federal constitutional law, not state law, determines whether a property interest is protected by the Fourteenth Amendment. *Id*.

The Court cannot ascertain from current Ninth Circuit law whether a property interest in accumulated medical leave is the type of interest entitled to constitutional protection. The language in *Portman* casts doubt on whether such an interest is entitled to protection under the Fourteenth Amendment and therefore the proper subject of a

§1983 claim. Nonetheless, for purposes of this Motion, the Court will assume that Plaintiffs have a constitutionally protected property interest in their accumulated medical leave and the proper apportionment of that sick leave.[2]

### B. Adequacy of Process

To prevail on a §1983 due process claim, not only must a plaintiff demonstrate she has a constitutionally protected property interest, she must also show the government deprived her of that interest without due process. *Portman*, 995 F.2d at 904. Even assuming Plaintiffs have a constitutionally protected property interest in their accrued medical leave, their §1983 claim fails because post-deprivation state law remedies provide adequate process. *Boston Envtl. Sanitation Inspectors Assoc. v. City of Boston*, 794 F.2d 12, 13 (1st Cir. 1986)("[A] claim of lack of available due process fails on the merits where there is a process available under state law.")(internal citations omitted).

The plaintiff in *Ramsey* was a teacher who sued under §1983 for deprivation of property without due process when the defendant school board reduced the number of her accumulated sick leave days and thereby reduced her compensation for sick leave days upon retirement. 844 F.2d at 1269. The Sixth Circuit found that the plaintiff had a protectable property interest in her accumulated sick leave. *Id.* at 1272. But determining she had a protectable interest "did not resolve the question of what process [was] due, and particularly, the question of whether a federal cause of action [was] the appropriate remedy for her deprivation. Not every deprivation of liberty or property requires a predeprivation hearing or a federal remedy." *Id.*

The Sixth Circuit analyzed the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976) to determine what process was due. The court considered: 1) the nature of the property interest involved and its importance to the individual possessing it; 2) the risk of an erroneous deprivation caused by inadequate procedures designed to

---

[2] Plaintiffs do not argue that City policy deprived them of their accumulated medical leave. Rather, they argue that the City's failure upon their retirement to properly apportion their accumulated sick leave between the taxable and nontaxable portions of the MLCA deprived them of their property rights.

- 7 -

safeguard the interest; 3) the value, if any, that additional procedure might provide; and 4) the government's burden in having to provide additional procedures. *Ramsey*, 844 F.2d at 1272 (citing *Mathews*, 424 U.S. at 334-35).

The Sixth Circuit found that although the plaintiff's interest in the money she would receive for her accumulated sick leave days upon retirement was important to her, it was not as important as her right to employment, of which had not been deprived. *Id*. at 1274. The court further found that the risk that the deprivation of her sick leave days was erroneous would not be eliminated even if a predeprivation hearing were required. *Id*. Finally, the court determined that requiring the state to provide a hearing anytime it believed an adjustment to an employee's wages or employment benefits was necessary would constitute a great burden on the state and would provide little benefit to the employee beyond what state law would provide. *Id*. The Sixth Circuit ultimately held that "an interference with a property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contact action and not by a federal action under section 1983." *Id*. at 1274-75.

In *Costello*, retired police officers alleged that the defendant town had deprived them of a property right guaranteed by the Fourteenth Amendment without due process by denying them an increase in their retirement benefits pursuant to the wage increase secured for active duty officers by a collective bargaining agreement. 811 F.2d at 783. The Second Circuit held that even assuming the officers had a constitutionally protected property interest in increased benefits, there was no denial of due process because adequate post-deprivation remedies existed. *Id*. at 784. The court found the officers should have availed themselves of the grievance procedure established in the collective bargaining agreement and rejected the officers' argument that the grievance procedure was an ineffective post-deprivation remedy. *Id*.

In *Brown v. Brienen*, 722 F.2d 360, 362 (7th Cir. 1983), county sheriff's department employees sued the sheriff, the county, and the county board when the sheriff

1 failed to give employees compensatory time off. The county had enacted an ordinance 2 providing that county employees who worked more than a certain number of hours per 3 week may be granted time off in an amount equal to the overtime worked. *Id*. The 4 sheriff announced that, pursuant to the ordinance, he would grant compensatory time off 5 to employees in his department who worked overtime. *Id*. But when the department's 6 workload grew and the board failed to appropriate money to hire more employees, the 7 compensatory time off accrued faster than the sheriff could allow it to safely be taken. 8 *Id*.

9 The employees alleged that the ordinance and the sheriff's announced intention to 10 grant compensatory time off conferred a property right on the employees once they 11 worked the overtime. *Id*. They further alleged that the sheriff, by refusing to allow them 12 to take their accrued time off, and the board, by refusing to fund an adequate staff, 13 deprived them of their property right without due process of law. *Id*. The employees 14 sought the time off they had earned or payment for their wages for that time. *Id*.

15 The Seventh Circuit ruled that it did not need to decide whether the employees had 16 a constitutionally protected property interest in their accrued compensatory time off 17 because the employees were not deprived of due process. *Id*. at 365 ("Notwithstanding 18 our doubts that the alleged breach of contract deprived the plaintiffs of property within 19 the meaning of the Fourteenth Amendment, we need not resolve the issue, for there was 20 in any event no denial of due process."). The circuit court noted that a predeprivation 21 hearing is not required in every case. *Id*. And the court found that post-deprivation state 22 court remedies provided all the process necessary. *Id*. at 366. After analyzing the 23 *Mathews* factors, the Seventh Circuit summarized:

> [T]he property of which the plaintiffs were deprived, if property it is in a Fourteenth Amendment sense (which as we have said we doubt), is far down on the scale of the Fourteenth Amendment interests. In addition, the deprivation was merely a postponement. Indeed, since the plaintiffs' loss was of a kind readily compensable in monetary terms, it may

> even be doubted whether any deprivation in the constitutional sense has yet occurred, or will occur unless and until the state courts turn down a meritorious contract claim. And the additional procedural safeguard that the plaintiffs seek, a pre-deprivation administrative hearing, would have been burdensome to the local officials who would have had to conduct it but of little utility to the plaintiffs in inducing the sheriff to change his mind.

*Id.*

The Court agrees with the reasoning of the above cases and finds that, assuming a protected property interest exists, state court remedies, *i.e.* breach of contract and wage act claims, provide Plaintiffs with all the process due them. Like the compensatory time off in *Brown*, the correct apportionment of Plaintiffs' accumulated medical leave between the taxable and non-taxable portions of the MLCA "is far down on the scale of the Fourteenth Amendment interests." *Id*. It is also an interest that is readily compensable in monetary damages. In fact, Plaintiffs have provided the Court with damages calculations for some of the Plaintiffs. Plaintiffs have not suggested what sort of additional procedural safeguards would have prevented the City from incorrectly apportioning their accrued sick leave, and the Court cannot perceive what pre-deprivation process could have helped. The Court therefore finds that Plaintiffs' property interest, if any, in their employment benefits "is an interest that can be and should be redressed by a state breach of contact action and not by a federal action under section 1983." *Ramsey*, 844 F.2d at 1274-75.

Plaintiffs argue that a state court breach of contract claim alone would not provide adequate process because they do not have a breach of contract claim against the City Manager and therefore may not be able to collect their attorneys' fees without a §1983 claim. Defendants counter that Plaintiffs could not recover fees or other damages from the City Manger under section 1983 or state law because they sued him in his official capacity, which would impose liability only on the City. Regardless, even if state court remedies may not provide Plaintiffs with all the potential relief of a §1983 claim, that

does not mean that the state remedies do not satisfy the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 535 (1984); *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The Court finds that state court remedies provide all the procedure necessary to satisfy due process. If Defendants incorrectly apportioned the value of Plaintiffs' accumulated medical leave in the MLCA, Plaintiffs can recover any money owed them in a state court action.

Because, even assuming Plaintiffs have a constitutionally protected property interest in the proper apportionment of their accumulated medical leave, Plaintiffs were not deprived of due process, the Court grants summary judgment to Defendants on Plaintiffs' §1983 claim.

### IV. STATE LAW CLAIMS

The basis for subject matter jurisdiction in this case is federal question jurisdiction. Plaintiffs' §1983 claim is the only federal claim alleged in the Complaint, and the Court has found that claim fails as a matter of law. When the Court eliminates the sole federal claim in a case and only state law claims remain, the Court should decline jurisdiction over the state claims and dismiss them without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 350 n.7. Because this is a relatively young case — discovery does not even close until September, the Court finds no reason to exercise its discretion to decide the remaining state law claims. The Court therefore dismisses the state law claims without prejudice and will not reach the statute of limitation arguments.

Accordingly,

**IT IS ORDERED** Granting Defendants' Motion for Summary Judgment (Doc. 24) as to Count One's §1983 claim.

**IT IS FURTHER ORDERED** dismissing the remaining state law claims in Counts Two and Three without prejudice, which disposes of all claims in this case.

**IT IS FURTHER ORDERED** that the Clerk shall not enter judgment on this Order until fifteen days from the date of this Order.[3]

Dated this 19th day of July, 2012.

James A. Teilborg
United States District Judge

---

[3] The delay in entering judgment will allow Plaintiffs time to file an action in state court to attempt to avoid any statute of limitation issues.